IN THE CIRCUIT COURT FOR SUMNER COUNTY
IN THE STATE OF TENNESSEE
AT GALLATIN

FILED
9-16 ☐ M

JAN 2 2 2015

CIRCUIT COURT CLERK
BY_____ JW _____D.C.

RICHARD LANE and LYNN LANE       )
                                 )
        Plaintiff,               )
                                 )
Vs.                              )       File No.: 83CC 1-2015-CV-61
                                 )       JURY DEMANDED (12 jurors)
                                 )
STATE AUTO PROPERTY AND CASUALTY )
INSURANCE COMPANY,               )
a.k.a.                           )
STATE AUTO INSURANCE COMPANIES   )
                                 )
        Defendant.               )
                                 )

## COMPLAINT

Comes now the Plaintiffs, RICHARD LANE and LYNN LANE, and for Complaint against the Defendant, STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, a.k.a. STATE AUTO INSURANCE COMPANIES, does state and show as follows:

1.     Plaintiffs, RICHARD R. LANE and LYNN LANE, are presently and were at the time of events pertinent herein, citizens and residents of Robertson County, Tennessee, residing at 204 Blueberry St., White House, Tennessee 37188.   The Plaintiffs operated an Antique Business, Gift Shop and Garden Center, at 3210 Highway 31W, White House, Tennessee 37188, known as The Stone Cottage.  On or about January 22, 2013, GARY K. LEGGET, who was operating a Ford Pickup truck, exited the roadway (Highway 31W) and collided with the structure of the Plaintiffs' business located at 3210 Highway 31W, White House, Tennessee

1

EXHIBIT
1

Case 3:15-cv-00174   Document 1-1   Filed 02/25/15   Page 1 of 33 PageID #: 5

37188, resulting a damages and losses to the Plaintiffs, including a destruction of the business premises and inventory.

2. Plaintiffs had in effect at the time of the January 22, 2013 loss a Business Owners Package Insurance Policy, through the Defendant, STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, the same being policy B.O.P. 2582745, issued for the policy period of January 1, 2013 to January 1, 2014.

3. STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, INC., a.k.a. STATE AUTO INSURANCE COMPANIES, is an Ohio Corporation, having a principal place of business at 518 East Broad Street, Columbus, OH 43215-3976, and may be served with process upon the Tennessee Commissioner of Insurance.

4. The subject policy of insurance contained the following coverages and/or endorsements which remain in issue and dispute between the parties, and for which the Plaintiffs have submitted all documentation and proof of loss and expenses incurred to the Defendant:

(a) Appurtenant Structure;

(b) Business Income;

(c) Debris Removal;

(d) Outdoor Signs;

(e) Extra- Expenses Incurred to repair or replace any property at the described premises or at a replacement premises to minimize the suspension of business and to continue operations;

(f) Ordinance and Law Coverage including demolition costs and increased costs of construction for repairing or replacing the property on the same or another premises.

2

(g) Loss of Extended Business Income from January 1, 2014 up to thirty days after operations were resumed on June 4, 2014.

(h) Tenant improvements and betterments.

(5)     Upon payment of the Plaintiffs' premium due to the Defendant, the Defendant agreed to provide insurance as stated in the policy, declarations and endorsements thereto.

(6)     Despite Defendant having been provided proof of loss and expenses incurred by the Plaintiffs under the relevant coverage provisions of the policy, the Defendant, STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, has in bad faith and in breach of the subject policy and contract of insurance wrongfully denied coverage with respect to the foregoing coverage issues and losses tendered by the Plaintiffs.  Defendant has wrongfully refused to pay the losses incurred, tendered and proven by the Plaintiffs, all of which are covered losses under the policy and properly payable to the Plaintiffs/Insureds pursuant to the plain terms and language of the subject policy of Insurance.

(7)     Attached at Exhibit A is the Declarations page of the subject policy.  The damaged building at 3210 Hwy 31W, White House, Tennessee, is specifically listed on the policy declarations.

(8)     On or about December 20, 2013, the Defendant's sent the Plaintiffs a correspondence entitled "reservation of rights."(See attached at Exhibit B)

(9)     On or about January 8, 2015, over one year after making a "reservation of rights" State Automobile Mutual Insurance Company, representative, Ashley Manning, Commercial Property Claim Adjuster, forwarded the Plaintiffs a correspondence denying coverage under the policy and endorsement with regard to certain losses and damages submitted.

3

(10)     Upon information and belief, the Defendant has written and entered into policies of insurance with identical provisions with other insureds and consumers in the State of Tennessee, as well as nationwide. Upon information and belief, it is anticipated further discovery will establish that other similarly situated insureds of the Defendant have had covered losses under circumstances similar to those in the subject loss, and the Defendant has systematically, fraudulently, wrongfully and in bad faith refused, denied and/or limited coverage under plain language of the subject policies, including but not limited to the foregoing coverage and endorsements in issue in this suit.

(11)     Defendant STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY continues to write similar policies of insurance with identical policy language, coverage and endorsements to those set forth above and which remain in issue and dispute herein.

(12)     Specifically it is averred that the Defendant is liable for damages pursuant to T.C.A. 56-7-105, including but not limited to pre-judgment interest, and the statutory bad faith penalty of twenty-five percent (25%) on the liability for the loss. That the Defendant's refusal to pay all or a portion of the loss was not in good faith, and that the failure to pay has inflicted additional expense, loss, or injury including Plaintiff attorneys fees; and provided, further, that the additional liability, including the additional expense, loss, and injury including attorney fees thus entailed and caused the Plaintiff by the Defendant.

(13)     That the foregoing conduct on the part of the Defendant constitutes a breach of the subject policy and contract of insurance.

(14)     Pursuant to the Tennessee Declaratory Judgment Act, T.C.A. 29-14-101 et seq,

4

the Plaintiff further moves the Court for a declaratory judgment declaring the rights and status of the parties under the specific coverage/endorsements and losses in issue, and declaring the Defendant responsible for the losses and damages submitted by the Defendant under the policy of insurance in issue.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully asks and prays:

a.  That proper process be issued and that the Defendant be required to appear and answer this Complaint within the time period by law and the Tennessee Rules of Civil Procedure;

b.  That a jury of twelve (12) be convened to sit in trial of all jury issues in this matter and to determine damages to be awarded and to otherwise determine the facts of this case;

c.  That the Plaintiffs be awarded a reasonable and fair judgment for claims and damages in this matter designed to compensate themselves for losses covered under the policy. The amount of all damages are not known at this juncture. However, to comply with Tennessee Rules of Civil Procedure that call for Plaintiffs to state an amount of damages being sought, Plaintiffs seek damages at this time of not more than Two Hundred Seventy Thousand Dollars and no/100 ($275,000.00); Plaintiffs reserve the right to increase or to diminish the amount of damages being sought as additional information becomes available in this matter regarding their damages sustained and those damages that are ongoing, and yet to be sustained;

d.  That the Court declare the rights and responsibilities of the parties under

5

the policy of insurance in issue pursuant to law.

   e.  That all allowable discretionary costs be taxed to the Defendant; and

   f.  That the Plaintiffs be granted such further, other and general relief to which they may show themselves entitled as a hearing of this cause, including but not limited to the Plaintiffs' attorney fees.

        Respectfully submitted,

By: _____

     Benjamin K. Dean, TN BPR 024390
     Attorney for Plaintiffs
     2209 Memorial Blvd
     Springfield, Tennessee 37172
     (615) 384-8019

6

# EXHIBIT A

# STATE AUTO®
## Insurance Companies

# BUSINESSOWNERS SPECIAL PROPERTY COVERAGE DECLARATIONS

| DESCRIPTION OF PREMISES | Premises 0001 | Building 001 |
|---|---|---|

### Building Address

3210 Hwy 31 W
White House, TN 37188

### Construction/Protection Class

Construction: Frame
Protection Class 06

| CLASS CODE | OCCUPANCY |
|---|---|
| 57155 | Ceramics, Pottery, China And Glassware Store |

### COVERAGE DESCRIPTIONS

| COVERED PROPERTY | LIMIT | THEFT COVERAGE | LOSS PAYMENT BASIS | AUTOMATIC INCREASE % | PREMIUM |
|---|---|---|---|---|---|
| Business Personal Property | $53,045 | Yes | Replacement Cost | 3 | $302 |

Property losses are subject to a   $500   deductible except as otherwise noted.

| PREMISES 0001 BUILDING 001 | | EXTRA COVERAGE PREMIUM |
|---|---|---|
| COVERAGES | LIMIT | |
| Ord/Law: Demolition Cost | $25,000 | Included |
| Ord/Law: Increased Cost of Constr | $25,000 | Included |
| Equipment Breakdown | Included | Included |
| Water Backup | $10,000 | Included |
| Terrorism-Business Pers. Property | $53,045 | $2 |

See **Policy-Wide Coverages** for additional valuable coverages.

Case 3:15-cv-00174   Document 1-1   Filed 02/25/15   Page 8 of 33 PageID #: 12

# STATE AUTO®
Insurance Companies

## FORMS AND ENDORSEMENTS
### APPLICABLE TO THE BUSINESSOWNERS SPECIAL PROPERTY COVERAGE

| NEW | FORM OR ENDORSEMENT AND EDITION DATE | ENDORSEMENT TITLE (Only the endorsement titles are shown below, please review the form for a complete description of coverage.) |
|---|---|---|
| | BP 00 02 12 99 | Businessowners Special Property Coverage Form |
| | BP 04 34C 01 97 | Computer Coverage |
| | BP 04 46C 01 96 | Ordinance or Law Coverage |
| | BP 21 02 07 00 | Appurtenant Structures |
| | BP 21 03 07 00 | Arson and Theft Reward |
| | BP 21 06 07 00 | Business Income Changes-Beginning of the Period of Restoration (Adjustment of Waiting Period) |
| | BP 21 18 07 00 | Exhibitions/Fairs/Sales Samples |
| | BP 21 21 07 00 | Fire Extinguisher Recharge Expense |
| | BP 21 25 07 00 | Inventory and Appraisals |
| | BP 21 28 07 00 | Lock and Key Replacement |
| | BP 21 31 07 00 | Newly Acquired or Constructed Buildings |
| | BP 21 32 07 00 | Premises Boundary |
| | BP 21 48 09 10 | Business Personal Property – Automatic Increase |
| | BP 21 71 11 02 | Limited Coverage for Fungi,Wet Rot,Dry Rot and Bacteria |
| | BP 21 72 11 02 | Exclusion - Fungi,Wet Rot, Dry Rot and Bacteria |
| | BP 05 23C 01 08 | Cap On Losses From Certified Acts of Terrorism |
| | BP 21 05 07 00 | Brands and Labels |
| | BP 21 11 07 00 | Computer Fraud Coverage |
| | BP 21 13 07 00 | Credit Card Invoices |
| | BP 21 12 07 00 | Consequential Damage |
| | BP 21 34 07 00 | Water Backup of Sewers and Drains |
| | BP 21 15 07 00 | Equipment Breakdown Endorsement |
| | BP 21 20 07 00 | Extended Outdoor Property |

*Indicates a new form has been added or a replacement form has been substituted for one of an earlier edition. Please retain all forms.

Issue Date  10/09/2012          08:35:11 PM          BP 60 01 (01/08) Page 002 of 003

# STATE AUTO®
Insurance Companies

# BUSINESSOWNERS SPECIAL PROPERTY COVERAGE DECLARATIONS

Coverages provided by your Businessowners Policy are described in the coverage forms and endorsements attached to your policy and identified in these declarations. The most we will pay for any one occurrence is the greatest of the applicable limit of insurance shown below. Higher limits shown below supersede limits for the same coverage described in the coverage forms and endorsements.

See coverages per building for additional valuable coverages.

| POLICY-WIDE COVERAGES | LIMIT | PREMIUM |
|---|---|---|
| Accounts Receivable | $25,000 In/$2,500 Out | Included |
| Appurtenant Structures | 10%/$10,000 | Included |
| Arson and Theft Reward | $5,000 | Included |
| Brands and Labels | Included | Included |
| Building Limit Automatic Increase | 4% | Included |
| Business Inc-Wait Period 0 hours | Actual Loss - 12 mos. | Included |
| Business Income-Extended | 30 Days | Included |
| Business Inc-Ord Payroll Ext | 60 Days | Included |
| Bus. Pers. Prop. Seasonal Increase | 25% | Included |
| Computer Coverage | $10,000 | Included |
| Computer Fraud | $2,000 | Included |
| Consequential Damage | $10,000 | Included |
| Credit Card Invoices | $10,000 | Included |
| Debris Removal | 25%/$20,000 | Included |
| Employee Dishonesty* | $25,000 | Included |
| Exhibitions/Fairs/Sales Samples | $10,000 | Included |
| Fire Department Service Charge | $2,000 | Included |
| Fire Extinguisher Recharge | $2,500 | Included |
| Forgery and Alteration | $5,000 | Included |
| Inventory and Appraisals | $1,000 | Included |
| Lock Replacement | $5,000 | Included |
| Money Orders/Counterfeit Currency | $10,000 | Included |
| Money and Securities* | $10,000 In/$2,000 Out | Included |
| Newly Acquired or Constructed Bldgs | $500,000/120 Days | Included |
| Outdoor Property | $5,000/$1,000 | Included |
| Outdoor Signs* | $5,000 | Included |
| Personal Effects | $5,000 | Included |
| Pers. Prop-Newly Acquired Premises | $250,000/120 Days | Included |
| Personal Property-Off Premises | $10,000 | Included |
| Premises Boundary | 1,000 Feet | Included |
| Preservation of Property | 30 Days | Included |
| Valuable Papers | $10,000 In/$2,500 Out | Included |

**Note:** Policy-wide coverages followed by an * and the additional coverage-exterior building glass are subject to a **$500** Optional Coverage/exterior building glass deductible.

Case 3:15-cv-00174    Document 1-1    Filed 02/25/15    Page 10 of 33 PageID #: 14

# EXHIBIT B

**STATE AUTO®**
Insurance Companies

December 20, 2013

Via Regular and Certified Mail
7008 1300 0000 1064 3926

Richard and Lynn Lane
DBA The Stone Cottage
320 Highway 76 W
White House, TN 37188

RE:    Insured:        Richard and Lynn Lane dba The Stone Cottage
        Policy Number:  BOP 2582745
        Date of Loss:    January 22, 2013
        Loss Location:   3210 Highway W, White House, TN 37188
        Claim No.:      THES-2582745-012213

## **RESERVATION OF RIGHTS**

Dear Mr. Lane:

We have recently received notice of your additional costs as they may relate to the Ordinance & Law, Demolition Cost and Ordinance & Law, and Increased Cost of Construction portions of your policy following your fire loss of January 22, 2013. As a result of this request, we are currently reviewing the policy to determine if coverage applies. However, there is a question about whether coverage applies as it appears the policy may not cover you for some or all aspects of the claimed Ordinance and Law coverage. This is not a coverage denial but, based on the facts as we know them, coverage is uncertain right now, or may be significantly limited.

We would also like to advise you that in investigating, negotiating, settling or declining this claim, we reserve our rights under the policy to decline coverage to you "and anyone claiming coverage under the policy." We also do not seek to have you waive any rights which you or others making claims under the policy may have. The failure of State Auto Property & Casualty Company ("State Auto") to cite any further terms, conditions, exclusions, or defenses under their insurance policy in question shall not be construed as a waiver of any further rights which State Auto may have assert under the policy.

In order for coverage to apply to the building, it must be specifically listed in the Declarations with a limit of liability noted, and the loss must be caused by direct, physical loss unless limited or excluded. It is our understanding that you were a tenant in the building located at 3210 Highway 31 W when a vehicle struck the building causing a fire that damaged your business personal property. The damaged building was not covered under the policy as it was not listed on the policy Declarations. We understand you leased the building, and your landlord carried the associated building insurance.

Following your purchase of and relocation to a building located at 320 Highway 76 W, you claimed incurred costs to bring the building up to code, and you have requested payment for those expenses under the Ordinance & Law: Demolition Cost and Ordinance & Law: Increased Cost of Construction. We are in the process of completing a coverage review for the issues noted above. In the interim, we refer you to your policy; particularly to the Businessowners Special Property Coverage Form, BP0002 12/99, on pages 1-2, 6-7 and 13 and Ordinance or Law Coverage Form, BP0446C 01/96, Pages 1 and 2, for the portions of the policy in question.

A.    Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. Covered Property

Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.,** and limited in **A.2.,** Property Not Covered, if a Limit of Insurance is shown in the Declaration for that type of property.

a.    Buildings, meaning the building or structure at the premises described in the Declarations.
* * * *

b.    Business Personal Property located in or on the buildings at the described premises or in the open (or in a vehicle) within 100 feet of the described premises.
* * * *

(3)    Tenant's improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

(a)    Made a part of the building or structure you occupy but do not own; and

(b)    You acquired or made at your expense but cannot legally remove; and

* * * *

3. Covered Causes of Loss

Risks Of Direct Physical Loss unless the loss is:
a. Excluded in Section **B.,** Exclusions; or
b. Limited in Paragraph **A.4.,** Limitations; that follow.

CLAIM93

As you can see from the policy excerpt above, we will pay for direct physical loss of or damage to covered property at the premises described in the Declarations unless it is excluded in Section B. Exclusions or limited under the A.4. Limitations section. Since you did not purchase coverage for the building, there is no limit of liability noted for the building, and thus, no building coverage was provided by the policy. Furthermore, the loss location (3210 Highway 31 W) in the declarations is not the same premises (320 Highway 76 W) under which you are now claiming additional damages as a result of additional costs as they relate to law and ordinance.

Although your Businessowners Special Property Coverage Form does provide for additional coverage as it relates to coverage pertaining to law and ordinance, this portion of your policy has been deleted and replaced by the Ordinance Or Law Coverage endorsement (BP0446C, Ed. 01/96). On Page 1 it states as follows:

> This endorsement modifies insurance provided under the following:
>
> BUSINESSOWNERS SPECIAL PROPERTY COVERAGE FORM
>
> The provisions of the policy apply except as modified by this endorsement.
>
> This endorsement replaces Additional Coverages, Increased Cost of Construction (Paragraph 5.I.) in the Businessowners Special Property Coverage Form. Information regarding the applicable coverage(s) of this endorsement and premises insured is shown in the Declarations.
>
> 1. The following coverages are identified in this endorsement:
>
>     A. Ord/Law: Undamaged Portion
>     B. Ord/Law: Demolition Cost
>     C. Ord/Law: Increased Cost of Construction
>     D. Ord/Law: Demo & Inc. Cost of Construction
>
>     Coverage applies only if that coverage(s) is selected and identified by entry in the Declarations and then only with respect to the specific Premises and Building identified for the selected coverage(s) appearing in the Declarations.
>
>     * * * *
>
> 3. Coverage
>
> a.  Coverage A. – Coverage for Loss to the Undamaged Portion of the Building
>
>     If a Covered Cause of loss occurs to covered Building property, we will pay under Coverage A for the loss in value of the undamaged portion of the building as a consequence of enforcement of any ordinance or law that:

1) Requires the demolition of parts of the same property not damaged by a Covered Cause of Loss;
2) Regulates the construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and
3) Is in force at the time of loss.

Coverage A is included within the Limit of Insurance shown in the Declarations as applicable to the covered Building property. Coverage A does not increase the Limit of Insurance.

b. **Coverage B.** – Demolition Cost Coverage

If a Covered Cause of loss occurs to covered Building property, we will pay the cost to demolish and remove debris of undamaged parts of the property caused by enforcement of building, zoning or land use ordinance or law.

\* \* \* \*

c. **Coverage C** – Increased Cost of Construction Coverage

If a Covered Cause of Loss occurs to covered Building property, we will pay for the increased cost to:

1) Repair or reconstruct damaged portions of that Building property; and/or
2) Reconstruct or remodel undamaged portions of that Building property, whether or not demolition is required;

when the increased cost is a consequence of enforcement of building, zoning or land use ordinance or law.

However:

1) This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.
2) We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.

Paragraph **E.6.d.** of the Property Loss Conditions does not apply to the Increased Cost of construction Coverage.

Under the coverages available through this endorsement, coverage only applies to "covered Building property". We then look to your Declarations Page, BP6000, Ed. 01/08 (copy enclosed) under the Coverage Descriptions, on Page 3 of your declarations page it states as follows:

## COVERAGE DESCRIPTIONS

| COVERED PROPERTY | LIMIT | THEFT COVERAGE | LOSS PAYMENT BASIS | AUTOMATIC INCREASE % | PREMIUM |
|---|---|---|---|---|---|
| Business Personal Property | $53,045 | Yes | Replacement Cost | 3 | $302 |

Property losses are subject to a  $500  deductible except as otherwise noted.

| PREMISES 0001 BUILDING 001 | | EXTRA COVERAGE PREMIUM |
|---|---|---|
| COVERAGES | LIMIT | |
| Ord/Law: Demolition Cost | $25,000 | Included |
| Ord/Law: Increased Cost of Constr | $25,000 | Included |
| Equipment Breakdown | Included | Included |
| Water Backup | $10,000 | Included |
| Terrorism-Business Pers. Property | $53,045 | $2 |

The declarations page above explains you have coverage for your Business Personal Property, but you have no Building coverage. Because the additional coverage included in your policy of Ordinance and Law (Ord/Law: Increased Cost of Constr) only applies to covered Building property (and not Business Personal Property), the coverage would not apply to the increased costs of construction at your new location.

We are also investigating whether your claims may be covered pursuant to the additional coverage for Extra Expense, which provides as follows:

    **g.**    **Extra Expense**

        **(1)**    We will pay necessary Extra Expense you incurring during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of the site at which the described premises are located.

                 * * * *

        **(2)**    Extra Expense means expense incurred:

            **(a)**    To avoid or minimize the suspension of business and to continue "operations":

                **(i)**    At the described premises; or

                **(ii)**    At replacement premises or at temporary locations, including relocation expenses, and cost to equip and operate the replacement or temporary locations.

CLAIM33

**(b)** To minimize the suspension of business if you cannot continue "operations".

**(C)** To:

    **(i)** Repair or replace any property; or

    **(ii)** Research, replace or restore the lost information on damaged "valuable papers and records": to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage **f.** Business Income.

We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance.

The following provided the following definition for "period of restoration":

**3.** "Period of restoration" means the period of time that:

    **a.** Begins:

        **(1)** 72 hours after the time of direct physical loss or damage for Business Income Coverage; or

        **(2)** Immediately after the time of direct physical loss or damage for Extra Expense Coverage;

    caused by or resulting from any Covered Cause of Loss at the described premises; and

    **b.** Ends on the earlier of:

        **(1)** The date when the property at the described premises should be repaired rebuilt or replaced with reasonable speed and similar quality; or

        **(2)** The date when business is resumed at a new permanent location.

"Period of restoration" does not include any increased period required due to the enforcement of any ordinance or law that:

        **(1)** Regulates the construction, use or repair, or requires the tearing down of any property; or

**\* \* \* \***

Coverage for Extra Expense only applies pursuant to the specific terms noted above. Additionally, the following exclusions apply to the Extra Expense coverage:

4. **Business Income and Extra Expense Exclusions**

We will not pay for:

a. Any Extra Expense, or increase of Business Income loss, caused by or resulting from:

(1) Delay in rebuilding, repairing, or replacing the property or resuming "operations", due to interference at the location of the rebuilding, repair or replacement by strikers or other persons; or

(2) Suspension, lapse or cancellation of any license, lease or contract. But if the suspension, lapse or cancellation is directly caused by the suspension of "operations", we will cover such loss that affects your Business Income during the "period of restoration".

b. Any other consequential loss.

In order to fully evaluate whether coverage applies to your claims, we need you to provide us with additional information, including:

1. The exact date in April 2013 you purchased the new permanent location and the date you began moving into the new permanent location;

2. If you still have not begun to use the building for operations, an explanation of what work remains to be done, and why the premises is not open for operation; and

3. A copy any and all expenses you wish to be considered for payment under the provisions of the policy.

We may need other information to consider your claims, but this information will certainly assist us in our investigation. Please note, however, by undertaking this investigation, State Auto reserves all of its rights under the above, or any other, provision of the policy, including the right to rely upon all terms, conditions and exclusions of the policy.

In good faith, we have issued you payment for the November and December loss of business income in the amount of $4,254, per the attached breakdown. This will expire coverage for your business income loss as we believe a reasonable amount of time for

your business operations to resume has expired. No further Business Income loss will be covered.

You also advised us that the utilities have not been addressed; however, that portion of your loss has been documented in the claim payment as the amount payable is for the net income and continuing, normal operating expenses. The percentage of non-continuing expenses is noted in the breakdown for your review.

As discussed in our verbal conversation, we, also, issued the November and December storage costs incurred in the amount of $1,030.28, which you explained was a $15.00 per month increase implemented by your storage company.

We must further notify you, there may be other reasons why coverage may not apply and, as such, we reserve our rights to decline coverage based on facts yet to be discovered. Neither this letter nor any act, past or future, by any representative of State Auto should be construed to be a waiver of any of the policy terms and conditions; on the contrary, we specifically reserve our right to rely on the policy language, and to deny coverage for any valid reason that may appear.

It is our intention to handle this claim as fairly and efficiently as possible under the terms and conditions of your policy with State Auto. State Auto wishes to assure you we will cooperate fully with you and/or your representatives, and will endeavor to keep all concerned parties fully advised on any developments in the investigation related to this claim. Should you have any questions concerning our position as outlined in this letter, please feel free to contact me at 317-931-7133.

Sincerely,


Ashley B. Manning
Commercial Property Claim Adjuster
LOCAL TELEPHONE NUMBER: 317-931-7000 x 7133
LONG DISTANCE: 800-777-7324 x 7133
E-MAIL: Ashley.Manning@stateauto.com


Enclosures: Declarations Page, BP6000, Ed. 01/08

| WARNING (Tennessee) |
| --- |
| "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, or denial of insurance benefits." |
| Revised 12/2009 |

Periodic Sales History
Source: Monthly Sales Records

| Month | 2012 Sales | Projected Increase | Projected Sales Loss | Comments |
|---|---|---|---|---|
| January | $2,722 | 137% | $1,203 | Projected Sales Loss 1/22-1/31 |
| February | $3,252 | 137% | $4,455 | Full Month |
| March | $3,312 | 137% | $4,537 | Full Month |
| April | $4,247 | 137% | $5,818 | Full Month |
| May | $6,867 | 137% | $9,408 | Full Month |
| June | $5,807 | 137% | $7,956 | Full Month |
| July | $2,177 | 137% | $4,352 | Full Month |
| August | $4,563 | 137% | $6,251 | Full Month |
| September | $4,319 | 137% | $5,917 | Full Month |
| October | $3,713 | 137% | $5,087 | Full Month |
| November | $2,932 | 137% | $4,017 | Full Month |
| December | $4,625 | 137% | $6,336 | Full Month |

**Projected Gross Sales Loss**     $65,337

Less:
Non-Continuing Expenses    51.96%    $33,949
Supplies    2.80%    $1,829
Casual Labor    2.50%    $1,633

**Total Non-Continuing Expenses**    57.26%    $37,411

**Projected Business Income Loss**     $27,926

Less:
Advance Payment     $5,000
Prior Payment     $18,672
Net Due     $4,254

EXHIBIT C

**STATE AUTO**
Insurance Companies

January 8, 2015

Mr. Richard Lane
Mrs. Lynn Watkins-Lane
d/b/a The Stone Cottage
320 Highway 76 West
White House, TN 37188

RE:   First Acceptance, Inc. v. Grange Mutual Casualty Company, State Auto  Property
      and Casualty Insurance Co., Richard Lane, Lynn Watkins-Lane, Robert T. Johnson
      and Mark A. Johnson, Sumner County Circuit Court, No. 83CCI-2013-CV-1441
      Insured:      Richard Lane d/b/a The Stone Cottage
      Claim No:    BOP 2582745

Dear Mr. & Mrs. Lane:

As you are aware, an insurance policy cannot be written to cover every possible
exposure. When there is a loss reported to us, we look to the language of the policy
and the facts of the case to determine whether coverage applies. Sometimes a
question arises about whether the policy applies to a particular situation.

We have carefully reviewed the facts and circumstances of your claim. Unfortunately,
we find that your policy does not provide coverage for all the damages claimed. The
remainder of this letter explains why coverage does not apply to all claims submitted.

Your policy provides the following insuring agreement:

> **A.**      **Coverage**
>
> We will pay for direct physical loss of or damage to Covered
> Property at the premises described in the Declarations caused by
> or resulting from any Covered Cause of Loss.
>
> **1. Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type
> of property described in this Section, **A.1.**, and limited in **A.2.**,
> Property Not Covered, if a Limit of Insurance is shown in the
> Declaration for that type of property.

a. Buildings, meaning the building or structure at the premises described in the Declarations.

\* \* \* \*

b. Business Personal Property located in or on the buildings at the described premises or in the open (or in a vehicle) within 100 feet of the described premises.

\* \* \* \*

(3) Tenant's improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

(a) Made a part of the building or structure you occupy but do not own; and

(b) You acquired or made at your expense but cannot legally remove; and

\* \* \* \*

## 3. Covered Causes of Loss

Risks Of Direct Physical Loss unless the loss is:
a. Excluded in Section **B.**, Exclusions; or
b. Limited in Paragraph **A.4.**, Limitations; that follow.

With respect to the claims made under the Extra Expense Coverage, your policy provides as follows:

## A. Extra Expenses

The Extra Expense coverage is broad and has no monetary limit. It provides as follows:

## g. Extra Expense

(1) We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of the site at which the described premises are located.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of the site at which the described premises are located, your premises means:

(a) The portion of the building which you rent, lease or occupy; and

(b) Any area within the building or on the site at which the described premises are located, if that area services, or is used to gain access to, the described premises.

(2) Extra Expense means expense incurred:

(a) To avoid or minimize the suspension of business and to continue "operations":

(i) At the described premises; or

(ii) At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

(b) To minimize the suspension of business if you cannot continue "operations."

(c) To:

(i) Repair or replace any property; or

(ii) Research, replace or restore the lost information on damaged "valuable papers and records";

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or Additional Coverage f. Business Income.

We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance.

Extra Expense coverage applies if the expenses were incurred to avoid or minimize suspension of business and to continue operations at the described premises or replacement premises. The coverage applies only for those expenses that occur within

12 months of the loss. Expenses that occur more than 12 months after the loss are not covered.

We reviewed the claims you submitted under this coverage. Only those expenses that occurred within 12 months are covered, and our records demonstrate that proper payment has been made with respect to claim made for the storage costs. With regard to the storage costs, you have claimed an additional $1,225.00 remains unpaid, $320.00 of which was incurred within the first twelve months. To date, our records indicate, we have released $2,360.56 for those incurred expenses. However, payment will be made for $419.00 in connection fees, $374.64 in phone expenses, $1,725.00 for emergency repairs completed following the loss and $2,850.00 for submitted relocation expenses. An additional $118.80 has been claimed for the AT&T phone and internet connection fee incurred, but we do not have an invoice to confirm this was incurred within the first twelve months.

Additional expenses were submitted to us related to remodeling of the property you purchased after the loss as a replacement location. According to your Examination Under Oath testimony, these expenses, totaling $71,155.90, were necessary to minimize the suspension of your business operations. These expenses included completely replacing sheetrock, light fixtures, HVAC, electrical, and flooring throughout the new building. The expenses also included the costs of replacing many doors, installation of a garage door, gutters and downspouts, cabinetry, etc. These expenses were not reasonably incurred or necessary for the purpose of minimizing the suspension of your business in order to continue "operations." For this reason, State Auto has no obligation for these expenses and no payment will be made.

However, other expenses for work at the new location might have been necessary to minimize the suspension of operations, including the following:

- $2,800.00 was claimed for concrete work related to ramps, walks, and steps. The receipt provided did not specify when the work occurred. If this work occurred within 12 months of the loss, coverage may apply. Please forward documentary evidence demonstrating when this work was completed for additional consideration.

- Home Depot light fixtures claimed at $1,249.01. These expenses appear to have been incurred within 12 months of the loss. Payment will be issued.

- Stone work expenses of $6080.00 was charged to put stone on the front of the new building location in order to give it the same look as original property. Your testimony reveals you claim the stonework was necessary because the former

property had similar stonework amounting to a trademark identifying the business as The Stone Cottage. These expenses appear to have been incurred within 12 months of the loss. Payment will be issued.

You also included charges for recharging fire extinguishers. The policy provides as follows:

### FIRE EXTINGUISHER RECHARGE EXPENSE

The following is added to Paragraph A.5, Additional Coverages:

Fire Extinguisher Recharge

1. We will pay for your expense to recharge portable fire extinguishers used to fight a fire the premises described in the Declarations or at immediately adjacent premises that expose your property to loss.

2. The most we will pay under this provision is shown in the Declarations as Fire Extinguisher Recharge.

The expenses claimed were to recharge fire extinguishers, but not those actually used to fight the fire. Accordingly, coverage does not apply and no payment for this expense will be made.

Claims were submitted under the Interior and Exterior Glass coverage for board up cost of $750.00 and $975.00 incurred to remove obstructions. Because our records indicate these costs have already been reimbursed under another coverage, no additional payment is necessary or will be made.

You submitted other claims under the Ordinance and Law Coverage of the policy. Importantly, the entirety of these claims was expenses associated with the new business location and not the loss location. The Ordinance and Law coverages at issue included the following:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS SPECIAL PROPERTY COVERAGE FORM

The provisions of the policy apply except as modified by this endorsement.

This endorsement replaces Additional Coverages, Increased Cost of Construction (Paragraph 5.l.) in the Businessowners Special Property

Coverage Form.  Information regarding the applicable coverage(s) of this endorsement and premises insured is shown in the Declarations.

1. The following coverages are identified in this endorsement:

   A. Ord/Law:  Undamaged Portion
   B. Ord/Law:  Demolition Cost
   C. Ord/Law:  Increased Cost of Construction
   D. Ord/Law:  Demo & Inc. Cost of Construction

   Coverage applies only if that coverage(s) is selected and identified by entry in the Declarations and then only with respect to the specific Premises and Building identified for the selected coverage(s) appearing in the Declarations.

3. Coverage

   \*        \*        \*        \*

b.     **Coverage B.** – Demolition Cost Coverage

   If a Covered Cause of loss occurs to covered Building property, we will pay the cost to demolish and remove debris of undamaged parts of the property caused by enforcement of building, zoning or land use ordinance or law.
   \* \* \* \*

c.     **Coverage C** – Increased Cost of Construction Coverage

   If a Covered Cause of Loss occurs to covered Building property, we will pay for the increased cost to:

   1)     Repair or reconstruct damaged portions of that Building property; and/or
   2)     Reconstruct or remodel undamaged portions of that Building property, whether or not demolition is required;

   when the increased cost is a consequence of enforcement of building, zoning or land use ordinance or law.

   However:

1)     This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.

2)     We will not pay for the increased cost of construction if the building is not repaired, reconstructed or remodeled.

Paragraph **E.6.d.** of the Property Loss Conditions does not apply to the Increased Cost of construction Coverage.

Under the coverages available through this endorsement, coverage only applies to "covered Building property". The Declarations Page provided as follows:

**COVERAGE DESCRIPTIONS**

| COVERED PROPERTY | LIMIT | THEFT COVERAGE | LOSS PAYMENT BASIS | AUTOMATIC INCREASE % | PREMIUM |
|---|---|---|---|---|---|
| Business Personal Property | $53,045 | Yes | Replacement Cost | 3 | $302 |

Property losses are subject to a     $500     deductible except as otherwise noted.

| PREMISES 0001 BUILDING 001 | | EXTRA COVERAGE PREMIUM |
|---|---|---|
| **COVERAGES** | **LIMIT** | |
| Ord/Law: Demolition Cost | $25,000 | Included |
| Ord/Law: Increased Cost of Constr | $25,000 | Included |
| Equipment Breakdown | Included | Included |
| Water Backup | $10,000 | Included |
| Terrorism-Business Pers. Property | $53,045 | $2 |

The policy provided no covered building property. However, even if there were covered building property, both the Demolition Cost Coverage and the Increased Cost of Coverage only apply for costs at the loss location. The Demolition Cost Coverage applies to "the property", and Increased Cost of Construction applies to "that Building", both of which refer to the covered Building property. None of the expenses submitted under this coverage were at the loss location and none were at any location described on the Declarations Page. Further, because the "damage" and/or requirement at law to make repairs to the new location were not caused by a Covered Cause of Loss, coverage for the claims submitted under the Ordinance and Law Coverage is not available. Accordingly, no payment will be made those claims.

During the Examination Under Oath, you also referenced claims that had not been submitted to State Auto including damage to a small structure next to the damaged building, light fixtures installed at the property and other improvements and betterments made to the property at the loss location of approximately $28,000.00. The only coverage that might be applicable to such claims would be the Business Personal Property coverage. However, the policy limit for that coverage has been exhausted and paid. For this reason, no payment can be made for your improvement and betterment expenses.

Payment of $6,617.65 is enclosed for those additional claims covered by the policy. Please also forward any other documentation for our consideration for other specific property claimed as referenced in this letter.

There may be additional reasons why coverage would not apply to your loss. We also reserve our rights to deny your claim should we find that the water damage exclusion applies to your loss. Neither this letter nor any act by any representative of State Automobile Mutual Insurance Company should be construed as a waiver of any of the policy terms and conditions. State Automobile Mutual Insurance Company specifically reserves its right to rely on the policy language and to deny coverage for any valid reason that may appear. However, if you now have or later obtain any other information you would like for us to consider, please forward it to me our attorneys.

If you have any questions about the above, please contact me.

Sincerely,

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**


Ashley Manning
Commercial Property Claim Adjuster
LOCAL PHONE NUMBER: 317-931-7133
LONG DISTANCE: 800-777-7324 ext. 7133
EMAIL: ashley.manning@stateauto.com

THES-2582745-012213.doc
0450 13612

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

State Auto Columbus

TO: YANO, JAMES (YANO2503)
Office: CHQ
Dept.: CHQ Legal
Building Location: PAV 4 E

POR:
Order#:
Sender: State of TN Dept of Commerce and Ins.
Carrier: USPS-Certified

7012346000028947489?

2/2/2015 11:26:02 AM

7012 3460 0002 8947 4892



084060 OFFICE SERVICES

FEB 02 2015

CHQ-P-3

FIRST CLASS

UNITED STATES POSTAL
MAILED FROM ZIP

7012 3460 0002 8947 4892      1/26/15
STATE AUTO PROPERTY & CASUALTY INS CO
518 EAST BROAD STREET, % JAMES YANO
COLUMBUS, OH 43215

**From:** McCray, Nancy
**Sent:** Tuesday, February 03, 2015 11:22 AM
**To:** Osen, Deb
**Cc:** Claims Lawsuits; Manning, Ashley
**Subject:** BOP 2582745 - 01/22/13 - LAWSUIT RECEIVED - TN
**Attachments:** SKMBT_C6541502031 2230.pdf

Forwarding for your use. Needs to be assigned to an examiner. There is no Guide Wire claim number. Thanks Nancy

**From:** 470@stateauto.com [mailto:470@stateauto.com]
**Sent:** Tuesday, February 03, 2015 12:24 PM
**To:** McCray, Nancy
**Subject:** Message from KMBT_C654

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

RECEIVED
2/2/15
5B

January 26, 2015

State Auto Property & Casualty Ins Co
518 East Broad Street, % James Yano
Columbus, OH  43215
NAIC # 25127

Certified Mail
Return Receipt Requested
7012 3460 0002 8947 4892
Cashier # 18447

Re:    Richard And Lynn Lane   V.   State Auto Property & Casualty Ins Co

       Docket # 83Cc1-2015-Cv-61

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served January 26, 2015, on your behalf in connection with th
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Sumner County
    P O Box 549
    Gallatin, Tn  37066

Richard Lane and Lynn Lane     v.     State Auto Property and Casualty Insurance Co.

To Be Served On: <u>Tennessee Commissioner of Insurance for State Auto Property and Casualty Insurance Company (Policy #BOP2582745)</u>

<u>Davy Crockett Tower, 500 James Robertson Parkway, Nashville, Tennessee 37243</u>     (Company#605031)

DEFENDANT TO BE SERVED BY:   X   COMMISSIONER OF INSURANCE

You are hereby summoned to defend a civil action filed against you in Circuit Court, Sumner County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _Jan 22, 2015_        _Freeland_

                                              Clerk / Deputy Clerk

Attorney for Plaintiff:   Benjamin K. Dean, 2209 Memorial Blvd., Springfield, TN 37172   (615) 384-8019

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   _____, _____ Clerk, _____ County

                 _____

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

                 Clerk / Deputy Clerk

---

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

_____

Date: _____     By: _____

                                                 Officer, Title

---

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

                                 Notary Public / Deputy Clerk (Comm. Expires _____)

_____            _____

Signature of Plaintiff            Plaintiff's Attorney (or Person Authorized to Serve Process)

                           **(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____*

*Rev. 03/11*